United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50557
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANGEL BORUNDA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CR-100-16-RAJ
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Angel Borunda appeals his sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute in excess of 1000 kilograms of marijuana. Borunda was sentenced to 120 months' imprisonment, to be followed by a five-year term of supervised release.

    Prosecutorial misconduct was an exception to the appeal waiver provision in Borunda's plea agreement, and Borunda argues that his waiver was invalid because the prosecutor engaged in

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misconduct in asserting that Borunda was not eligible for application of U.S.S.G. § 5C1.2, the safety valve provision.

The evidence presented showed that the agents did not believe that Borunda had provided them with all the information or evidence that he possessed, and the district court agreed with the agents by refusing to apply the safety valve provision. Borunda has not demonstrated any act of misconduct on the part of the prosecutor in connection with the district court's decision not to apply the safety valve provision. Thus, Borunda was not entitled to rely on the prosecutorial misconduct exception to the waiver provision in his plea agreement. Borunda has not otherwise shown that the waiver was unknowingly and involuntarily entered. See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992).

Borunda cannot overcome the waiver by arguing that his sentence was illegal because such argument was not excepted from the waiver. The waiver in Borunda's plea agreement must be enforced, and the appeal DISMISSED. We need not address Borunda's claim that the district court erred in refusing to apply the safety valve provision.

APPEAL DISMISSED.